IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**THOMAS P. VITRANO,**
**# 06661-089,**

**Petitioner,**

Case No. 17-cv-410-DRH

vs.

**T.B. WERLICH,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Thomas Vitrano, who is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the computation of his sentence by the Federal Bureau of Prisons ("BOP"). (Doc. 1). This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. Following careful review of the petition in the present case, this Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

1

## Background

In 2002, in Case No. 02-CR-199 in the Eastern District of Wisconsin, the government charged the petitioner with unlawful possession of a firearm, 18 U.S.C. § 922(g)(1), under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e). Petitioner was ultimately sentenced to 30 years in prison under the ACCA. *United States v. Vitrano*, 495 F.3d 387 (7th Cir. 2007). In March of 2008, petitioner filed a fraudulent motion under 28 U.S.C. § 2255 attacking this sentence, for which he was charged and convicted in Case No. 09-CR-140 in the Eastern District of Wisconsin. In Case No. 09-cr-140, petitioner was sentenced to 120 months in prison, with 72 months running concurrently and 48 months consecutively to the sentence in Case No. 02-cr-199. *United States v. Vitrano*, Case No. 09-cr-140 (E.D. Wis. Aug. 28, 2013).

In 2015, petitioner filed a § 2255 petition in response to the Supreme Court declaring a portion of the ACCA to be unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551 (2015). On October 28, 2015, his § 2255 petition was granted, and his sentence in Case No. 02-cr-199 was reduced to 120 months. His first sentence was therefore deemed satisfied as of August 11, 2011, although he had served time beyond that date. (Doc. 1, pp. 6-7); (Doc. 1-1, pp. 26-28). Because his first sentence had ended before his second sentence had begun, petitioner's sentence in Case No. 09-cr-140 was de-aggregated. (Doc. 1-1, pp. 26-28). In sum, his second sentence was deemed to have commenced on August 26, 2013, the day petitioner was sentenced, and he was given credit for the additional

time served between the effective completion date of his first sentence and the date on which his second sentence had commenced. *Id.* Petitioner's new projected release date is April 27, 2020. (Doc. 1-1, p. 7).

On November 25, 2015, petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of West Virginia. *Vitrano v. Saad*, Case No. 15-cv-220 (N.D.W.V. Aug. 31, 2016) (Doc. 1). Petitioner claimed in his petition that he was being unlawfully imprisoned by the BOP because the BOP miscalculated his sentence in Case No. 09-cr-140 by treating it as fully consecutive to his sentence in Case No. 02-cr-199 as opposed to partially concurrent to it. The District Court for the Northern District of West Virginia denied petitioner's petition with prejudice, holding "that the BOP correctly applied Vitrano's sentence pursuant to its Program Statement and the law." *Id.* at (Doc. 35, p. 22). The Court noted that "[b]y definition, a sentence cannot be served concurrently when there is no other sentence with which to run it" and "there is simply no legal support for the argument that his 72 month concurrent sentence should be credited retroactively to a previous sentence satisfied prior to the imposition of his second sentence." *Id.* (Doc. 35, p. 14).

## Habeas Petition

Petitioner has reasserted the same grounds in his petition in the instant case (Doc. 1) that the Northern District of West Virginia deemed meritless and dismissed with prejudice in petitioner's earlier motion under 28 U.S.C. § 2241.

3

Thus, petitioner's claims are clearly barred by 28 U.S.C. § 2244(a), which provides in pertinent part that no district court

> shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to the judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus....

The Seventh Circuit Court of Appeals has construed this provision to bar successive § 2241 petitions that are directed at the same issue raised in a prior petition. *See Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *West v. Zuercher,* Case No. 07-1127, 2007 WL 2680566, at *2 (C.D. Ill. July 18, 2007). The improper successive petition must be dismissed for lack of jurisdiction. *See, e.g., Schaefer v. Bezy,* Case No. 06-1101, 2006 WL 2829002, at *2 (7th Cir. Sept. 29, 2006).

## Disposition

Accordingly, the petition is summarily **DISMISSED** for lack of jurisdiction. Petitioner's emergency motion for an expedited fast track court order compelling warden Werlich to release Vitrano (Doc. 2), urgent motion requesting bail (Doc. 3), and motion to transfer case (Doc. 4) are **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

**DATED: April 25, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.04.25 15:15:10 -05'00'

**UNITED STATES DISTRICT JUDGE**